United States District Court
Southern District of Texas
**ENTERED**
January 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KELLYS YOSSANY REVERON CORNEJO,** § § § | |
| Petitioner, § § | |
| v. § | CIVIL ACTION NO. 4:25-cv-5326 |
| § | |
| **WARDEN MARTIN FRINK,** § § | |
| Respondent. § | |

## MEMORANDUM AND RECOMMENDATION

On December 19, 2025, the Court entered an order of non-compliance regarding Kellys Yossany Reveron Cornejo's ("Petitioner") failure to pay the $5.00 filing fee or provide an application to proceed in forma pauperis as directed. (ECF No. 7). In the December 19 Order, the Court warned Petitioner that failure to comply may result in a recommendation that this case be dismissed. (*Id.* at 2). As of the date of this memorandum and recommendation, Petitioner has not paid the $5.00 filing fee or moved to proceed in forma pauperis. As such, the Court **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE**.

### I. Background

On November 6, 2025, Petitioner filed a Petition requesting habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1). On November 7, 2025, the

Court issued a notice of deficient pleading. (ECF No. 5). The notice instructed Petitioner to pay the $5.00 filing fee or provide an application to proceed in forma pauperis within 30 days. (*Id.*). The notice warned Petitioner that failure to comply could result in this case being dismissed for want of prosecution under Federal Rule of Civil Procedure ("Rule") 41(b). (*Id.*). Petitioner failed to comply within the 30 days.

On December 19, 2025, the Court issued an Order of Non-Compliance (ECF No. 7). In the Order, the Court ordered Petitioner to pay the $5.00 filing fee or provide an application to proceed in forma pauperis by January 9, 2026. (*Id.* at 2). The Court warned Petitioner that failure to comply could result in a recommendation for dismissal. (*Id.*). Despite this order and extensions of time, Petitioner has failed to comply by the deadline.

## II.  Discussion

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626 (1962)).

Here, because Petitioner has failed to pay the filing fee and failed to comply with a court order, the Court recommends dismissal of this action for failure to prosecute. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming the dismissal of a § 2241 habeas action where the petitioner failed to comply with the court's orders by refusing to pay the required filling fee); *see also Greathouse v. Tex. Dep't of Crim. Just.*, 379 F. App'x 403, 404 (5th Cir. 2010) (affirming district court's dismissal of a civil rights action where the petitioner failed to comply with the court's order to pay filling fee).

Further, Petitioner has failed to comply with the Court's orders by not alternatively moving for in forma pauperis status as directed. *See Gonzalez-Davila v. Farley*, No. 7:18-cv-1857, 2018 WL 6919477, at *2 (S.D. Tex. Dec. 10, 2018), *report and recommendation adopted*, No. 7:18-cv-1857, 2019 WL 78936 (S.D. Tex. Jan. 2, 2019) (dismissing for failure to prosecute under Rule 41(b) because Petitioner failed to comply with a court order directing him either to pay the filing fee or submit a request to proceed in forma pauperis); *Garcia v. Davis*, No. 18-cv-0986, 2018 WL 6251401, at *2 (S.D. Tex. Oct. 9, 2018), *report and recommendation adopted*, No. 18-cv-0986, 2018 WL 6243304 (S.D. Tex. Nov. 29, 2018) (same).

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** this case be **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on January 27, 2026.

Richard W. Bennett
United States Magistrate Judge